UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KING, J.D., <br><br> Plaintiff, <br><br> v. <br><br> WRIGHT FINLAY & ZAK, et al., <br><br> Defendants. | CASE NO. C16-0397JLR <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THE CASE TO STATE COURT |

## I.  INTRODUCTION

Before the court is Plaintiff Christopher King's motion to remand this case to state court. (Mot. (Dkt. # 8); *see also* Reply (Dkt. # 18).) Defendants Wright Finlay & Zak ("WFZ"), Lukaz Wozniak, and Renee Parker oppose the motion. (Resp. (Dkt. # 15).) The court has considered the motion, the balance of the record, and the applicable law.

//

//

//

ORDER- 1

Being fully advised,[1] the court GRANTS the Mr. King's motion to remand and remands this case to state court.

## II. BACKGROUND

This case arises out of an incident that occurred in the Honorable Robert S. Lasnik's courtroom. (*See* Compl. (Dkt. # 1-2) ¶¶ 9, 15-17, 22-31.) Mr. King was present in Judge Lasnik's courtroom during proceedings in a case in which Mr. Wozniak and Ms. Parker were counsel for the defendant.[2] (*See id.* ¶¶ 22, 26, App'x F ("Hearing Trans.") at 249:20-24.) Mr. King alleges that Ms. Parker attempted to get Mr. King thrown out of the courtroom, ruin his reputation, and limit scrutiny of the proceedings by accusing Mr. King in open court of having made a death threat against her and Mr. Wozniak. (*See* Compl. ¶¶ 22-35.) According to Mr. King, that accusation was false and defamatory. (*See id.* ¶¶ 22-23, 31-34.)

Mr. King filed this lawsuit in the Superior Court for King County, Washington, on February 29, 2016. (*See id.* at 1.) He asserts causes of action for (1) defamation, (2) false light, (3) outrage, (4) intentional infliction of emotional distress, (5) tortious interference with business expectancy, (6) civil conspiracy under state law, and (7) civil

---

[1] Although Mr. King has "demanded" oral argument (Mot. at 1; Reply at 1 (capitalization removed)), the court deems it to be unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

[2] Mr. King alleges that he is an attorney and a photojournalist who "has filmed all matter of civil and criminal trials in courtrooms across the Country." (Compl. ¶ 1.) Mr. King is a resident of Washington. (*Id.* at 1; Not. of Rem. (Dkt. # 1) ¶ 5.a.) WFZ is a California law firm. (Compl. ¶ 5; Not. of Rem. ¶ 5.b.i.) Mr. Wozniak and Ms. Parker are attorneys at WFZ who reside in California. (Compl. ¶¶ 3-4; Not. of Rem. ¶¶ 5.b.ii-iii.)

conspiracy under federal law, 42 U.S.C. § 1985. (*Id.* at 8-10.) He seeks monetary damages as well as declaratory and injunctive relief. (*Id.* at 10.)

On March 17, 2016, Defendants removed this case from King County Superior Court to this court on the basis of diversity and federal question jurisdiction. (*See* Not. of Rem. at 1-4.) Mr. King filed a motion to remand the case to state court on March 25, 2016. (Mot. at 1.) In his motion, Mr. King argues that Defendants have not shown more than $75,000.00 is in controversy and that his federal claim is subordinate to his state law claims. (*See id.* at 1-4.) Defendants filed their opposition to Mr. King's motion on April 11, 2016. (Resp. (Dkt. # 15) at 1.) Later that same day, Mr. King filed a notice of voluntarily dismissal in which he dismissed his federal conspiracy claim under Federal Rule of Civil Procedure 41 and stipulated that his damages do not exceed $75,000.00.[3] (Not. (Dkt. # 17) at 1-2.) Mr. King's motion to remand is now before the court.

---

[3] On April 14, 2016, Defendants filed an additional brief concerning the motion to remand ("Supplemental Brief"). (*See* Supp. Br. (Dkt. # 20).) They captioned this brief as (1) a response to Mr. King's motion for reconsideration of the court's order denying his request for an extension, and (2) an "analysis of the effect of Plaintiff's FRCP 41 voluntary dismissal and stipulation to liomit [sic] damages on the court's subject matter jurisdiction." (*Id.* at 1 (capitalization altered); *see also* MFR (Dkt. # 16); Mot. for Ext. (Dkt. # 12); 4/8/16 Order (Dkt. # 14) (denying Mr. King's motion for an extension).) As the caption foreshadows, Defendants use their Supplemental Brief to argue that the court should reject the motion for reconsideration and should deny the motion to remand despite Mr. King's voluntary dismissal. (*See* Supp. Br. at 2-8.) Defendants' Supplemental brief is therefore both a response to the motion for reconsideration and a second brief in opposition to the motion to remand. (*See id.*; Mot.; Resp.) On April 18, 2016, Mr. King filed a reply memorandum in support of his motion for reconsideration. (*See* MFR Reply (Dkt. # 22).) Both Defendants' Supplemental Brief and Mr. King's reply in support of his motion for reconsideration are improper under this court's Local Rules. The Local Rules do not permit responses or replies to motions for reconsideration unless called for by the court. *See* Local Rules W.D. Wash. LCR 7(h)(3) ("No response to a motion for reconsideration shall be filed unless requested by the court."). The court has not requested response or reply memoranda with respect to Mr. King's motion for reconsideration. (*See* Dkt.)

## III. DISCUSSION

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Id.* (quoting 28 U.S.C. § 1447(c)). Defendants removed this case on the basis of diversity jurisdiction and federal question jurisdiction. (*See* Not. of Rem. at 1-4.) Mr. King argues that removal was improper on either basis. (*See* Mot. at 1-4.) The court addresses each basis for removal in turn.

### A. Diversity

Defendants assert that the court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (Not. of Rem. ¶¶ 4-7.) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states . . . ." 28 U.S.C. § 1332. The removing defendant must show that the case meets the $75,000.00 amount-in-controversy requirement. *See* 28 U.S.C. §§ 1332(a), 1446(c); *Geographic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart*

---

Furthermore, the Local Rules do not allow a nonmoving party to file multiple briefs in opposition to a motion. *See* Local Rules W.D. Wash. LCR 7(b). Accordingly, the court STRIKES Defendants' Supplemental Brief (Dkt. # 20) and Mr. King's reply in support of his motion for reconsideration (Dkt. # 22).

ORDER- 4

*Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014).  If the plaintiff questions the defendant's allegation regarding the amount in controversy, however, the removing defendant bears the burden to demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy.  *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)).  Here, Mr. King questions Defendants' allegations regarding the amount in controversy.  (*See* Mot. at 3-4; Reply at 2-3.)

      Defendants argue that the amount-in-controversy requirement is met because in his complaint Mr. King "equates this matter to an unrelated outrage case in which the Court awarded damages in the amount of $214,000.00 to the plaintiff."  (Not. of Rem. ¶ 7.)  In addition, Defendants observe that Mr. King "also equates Defendants' conduct to the conduct of another entity, which, purportedly, resulted in a $290,000[.00] fine."  (*Id.*)  Finally, Defendants aver, without citation to any evidence, that they "are informed and believe that the cost of compliance with the injunctive relief order sought by Plaintiff, coupled with the damages sought by Plaintiff, exceeds the minimum amount in controversy."  (*Id.*; *see also* Resp. at 6-8.)  These arguments fail to demonstrate that more than $75,000.00 is in controversy in this case.

      Mr. King's references to prior, unrelated lawsuits do not show that this lawsuit exceeds the amount-in-controversy requirement.  In his complaint, Mr. King alleges that the underlying case in Judge Lasnik's court "ended in a $214,000.00 bench Judgment against" Defendants' client.  (Compl. ¶ 34.)  He also alleges that he previously "investigated employment abuse at American Tower Corporation and initiated an

1  investigation resulting in a $290,000[.00] ORDER against them by the Department of
2  Labor." (*Id.* ¶ 2.)  Defendants point to nothing in the record from which the court could
3  conclude that either the alleged judgment against Defendants' client or the alleged fine
4  against American Tower Corporation is indicative of the amount in controversy in this
5  case.  In fact, the record shows that those cases are different in relevant respects from the
6  present case.  (*See id.* ¶¶ 2, 9 (noting that the matter before Judge Lasnik was a
7  foreclosure case), 34; *id.* App'x D ("King 8/12/14 Email") at 1 (indicating that the
8  American Tower Corporation case involved two plaintiffs, included claims for wrongful
9  termination, and led to a government-imposed fine); *id.* Ex. 5 ("King 10/27/15 Email") at
10 1 (stating that Mr. King reported American Tower Corporation to the Department of
11 Labor "on behalf of [his] trainees").)  Furthermore, Mr. King has expressly stated that his
12 damages do not exceed $75,000.00.  (Not. at 2.)

13      The court concludes that Defendants have failed to carry their burden to
14 demonstrate by a preponderance of the evidence that more than $75,000.00 is in
15 controversy in this matter.  *See Dart Cherokee*, 135 S. Ct. at 553-54.  Accordingly, the
16 court lacks diversity jurisdiction under 28 U.S.C. § 1332.[4]

---

18  [4] The court rejects Defendants' request that the court postpone ruling on the motion to remand and allow discovery into the amount in controversy.  (*See* Resp. at 8-9); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) ("'[S]ome courts have suggested that it may be appropriate to allow discovery relevant to jurisdictional amount prior to remanding.' Our decisions do not, however, indicate that such discovery is *required*.  Indeed, we have previously held that '[a]n appellate court will not interfere with the trial court's refusal to grant [jurisdictional] discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant . . . .'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001), and *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)) (internal citations omitted) (first alteration added).

## B.    Federal Question

Defendants assert that the court has federal question jurisdiction based on Mr. King's federal civil conspiracy claim. (*See* Not. of Rem. ¶ 2; Resp. at 3-6; Compl. at 9-10.) A federal district court has original jurisdiction where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law for removal purposes is determined by the "well-pleaded complaint rule." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 341, 344 (9th Cir. 1996) ("[A] plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim into a Title VII action or an action that depends on a substantial federal question."). Conversely, "[w]hen a plaintiff invokes a right created by [federal law], the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." *Caterpillar*, 482 U.S. at 399.

Additionally, under 28 U.S.C. § 1367(a), a court has supplemental jurisdiction over state law claims that are "so related" to the claims over which the court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or

ORDER- 7

1  controversy if they "share[] a 'common nucleus of operative fact'" and would normally
2  be tried together.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting
3  *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape*
4  *Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)); *see also United Mine Workers of Am. v.*
5  *Gibbs*, 383 U.S. 715, 725 (1966).

6  　　　　On its face, Mr. King's complaint presents a federal question.  He alleges that
7  Defendants violated 42 U.S.C. § 1985 by engaging in a civil conspiracy.  (Compl. at 9-10
8  (listing at number seven under the heading "CLAIMS" "Civil Conspiracy per 42 U.S.C.
9  §1985 [sic]").)  Moreover, Mr. King does not dispute that his complaint asserts a federal
10  claim.  (*See* Mot. at 1 (stating that the federal conspiracy claim "is undisputedly the sole
11  Federal Claim involved in this case").)  The court therefore had jurisdiction over Mr.
12  King's now-dismissed federal conspiracy claim.  *See* 28 U.S.C. § 1331; *Caterpillar*, 482
13  U.S. at 392, 399.

14  　　　　Furthermore, the court has supplemental jurisdiction over Mr. King's state-law
15  claims.  Those claims all arise from the same set of facts—the allegedly defamatory
16  statements made about Mr. King during a hearing in Judge Lasnik's courtroom—and are
17  so related that they would normally be tried together with Mr. King's federal conspiracy
18  claim.  (*See* Compl. at 8-10); 28 U.S.C. § 1367(a); *Bahrampour*, 356 F.3d at 978.
19  Removal was therefore proper on the basis of federal question jurisdiction.  *See Rivet*,
20  522 U.S. at 475; *Caterpillar*, 482 U.S. at 392, 399; *see also Wisc. Dep't of Corrs. v.*
21  *Schacht*, 524 U.S. 381, 386-87 (1998) ("We have suggested that the presence of even one
22

claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

**C.     Supplemental Jurisdiction**

The court retains supplemental jurisdiction over Mr. King's state-law claims even though his only federal claim has been dismissed. *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938-39 (9th Cir. 2003) ("The district court's supplemental jurisdiction over the state law claims was not destroyed by dismissal of the [sole federal] claim. . . . Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction."), *amended and superseded on other grounds by* 350 F.3d 916 (9th Cir. 2003). Nevertheless, the court must now decide whether to continue exercising supplemental jurisdiction over Mr. King's state-law claims. Once the claims over which the court had original jurisdiction are dismissed, the court has discretion to remand the state-law claims to state court. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

Several considerations guide the court's decision whether to remand. In evaluating when it is inappropriate to exercise supplemental jurisdiction, courts should consider the values of judicial economy, convenience, fairness, and comity. *Gibbs*, 383 U.S. at 726; *see Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for C.D. Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). "[I]n the usual

case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

1. <u>Judicial economy</u>

In the context of a motion to remand, judicial economy refers to the "investment of judicial energy" into a case or controversy. *Rosado v. Wyman*, 397 U.S. 397, 403-04 (1970); *see also Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986). For example, courts may consider: (1) the amount of time that has been invested in analyzing the state claims, *see Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989); *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 904 (9th Cir. 1983) ("The district court did not abuse its discretion in retaining jurisdiction to decide the state claims, because the record shows that the court and the litigants had expended considerable time on the pendent claims before the antitrust claims were dismissed."); (2) whether there have been hearings and/or arguments prior to the dismissal of the federal claims, *see Rosado*, 397 U.S. at 403-04; *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 546 (2d Cir. 1989) (upholding the district court's decision to retain jurisdiction after the federal claims had been dismissed following 11 months of heated pretrial litigation); and (3) whether a party's "strategy may have been influenced by the fact that they are proceeding in federal court, and from the record it appears that it had not occurred to any party that the action might be tossed into the state system." *Schneider v. TRW, Inc.*, 938 F.2d 986, 995 (9th Cir. 1991) ("Unless the district court was without power to hear the case, which is not the situation here, we ought not surprise the district court and parties with an unprecedented

pronouncement that the case must go to state court, where nobody has ever wanted or expected it to be.").

Here, judicial economy favors remand, or at least does not weigh against it. This case is still in its early stages. Although the parties have filed several motions, the court has ruled on only one short motion—Mr. King's motion for an extension. (*See* Mot. for Ext.; 4/8/16 Order); *Aydin Corp.*, 718 F.2d at 904. No hearings or oral arguments have occurred. *See Rosado*, 397 U.S. at 403-04. Further, this case began in state court, and Mr. King moved for remand shortly after Defendants removed; thus, remand will not surprise the parties. (*See* Compl; Mot.); *Schneider*, 938 F.2d at 995.

### 2. Convenience

In analyzing a motion to remand, courts look to see if, in light of the record and accumulated federal proceedings, the state claims "may easily be carried across the street to the courtroom of a state superior court judge." *Schneider*, 938 F.2d at 997 (O'Scannlain, J., dissenting) (internal quotation marks omitted). Nothing in the record reveals any obstacles to remanding Mr. King's state-law claims to state court. As noted above, little has occurred in this litigation with respect to Mr. King's state-law claims. (*See* Dkt.); *supra* § III.C.1. Consequently, this factor also favors, or at least does not weigh against, remand.

### 3. Fairness

When analyzing fairness in the context of a motion to remand, courts have looked to whether "a surer-footed reading" of state law would be available in state court, *Gibbs*, 383 U.S. at 726; *Schneider*, 938 F.2d at 996; whether "the plaintiff has engaged in any

manipulative tactics" in seeking remand, *Carnegie-Mellon*, 484 U.S. at 357; *see also Albingia Versicherungs A.G.*, 344 F.3d at 939; and where the plaintiff originally filed the action, *Fletcher v. Solomon*, No. C-06-5492 RMW, 2006 WL 3290399, at *3-4 (N.D. Cal. Nov. 13, 2006) (remanding action to state court after the plaintiffs voluntarily dismissed their only federal claims, finding that the "plaintiffs clearly desire a state forum, as they could have filed this action as an original matter in federal court but chose not to do so"). "[T]he Ninth Circuit has found nothing wrong with plaintiffs promptly dropping federal claims and seeking to have a matter remanded." *Fletcher*, 2006 WL 3290399, at *4 (citing *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995)).

Like judicial economy and convenience, fairness arguably supports remand and at least does not weigh against it. The court has no doubt that Washington courts will provide a sure-footed reading of the state-law issues in this case, and no party has suggested otherwise. *See Gibbs*, 383 U.S. at 726. Furthermore, the court does not find that Mr. King's tactics have been manipulative. *See Albingia Versicherungs A.G.*, 344 F.3d at 939 (approving the district court's decision to retain jurisdiction where the plaintiff did not move for remand until after the district court granted summary judgment on both state and federal claims); *Baddie*, 64 F.3d at 490-91 & n.3 (finding "nothing manipulative" in the plaintiffs' "straight-forward tactical decision" to respond to removal by promptly dismissing their federal claims); *Fletcher*, 2006 WL 3290399, at *3-4. Although Mr. King voluntarily dismissed his sole federal claim in response to removal, he did so promptly and has repeatedly stated that his federal claim is merely a mirror image of his state-law conspiracy claim. (*See* Notice; *e.g.*, Mot. at 1-3); *Fletcher*, 2006

WL 3290399, at *3-4 (declining supplemental jurisdiction in a case similar to this one and noting that the plaintiffs "are obviously more interested in their state claims than their federal claims"). Moreover, Mr. King originally filed in state court. *See Fletcher*, 2006 WL 3290399, at *3-4.

### 4. Comity

The final factor is comity. "Comity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895) (internal quotation marks omitted). The Supreme Court held in *Gibbs* that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. at 726. Here, remand serves the interests of comity. The issues remaining in this case present questions of state law that should be decided by a state court unless there is a good reason for this court to decide them. *See id.* No such reason exists. Indeed, Mr. King has dismissed his only federal claim, and the court has found that judicial economy, convenience, and fairness do not favor keeping this case in federal court. (*See* Notice); *supra* §§ III.C.1-3.

Taken together, the factors enunciated in *Gibbs* favor remanding this case to state court. *See* 383 U.S. at 726. Remand would promote considerations of comity and would not undermine the values of judicial economy, convenience, and fairness. Accordingly, the court remands Mr. King's state-law claims to King County Superior Court.

#### D.     Costs and Fees

Mr. King asks the court to tax the costs associated with removal to Defendants. (*See* Mot. at 9; Reply at 8-10.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141.  As discussed above, Defendants had an objectively reasonable basis for removing this case, *see supra* § III.B; therefore, the court declines to award Mr. King costs and fees associated with removal.  *See Martin*, 546 U.S. at 141.

### IV.     CONCLUSION

For the foregoing reasons, the court GRANTS Mr. King's motion to remand (Dkt. # 8), DENIES his request for costs, and REMANDS Mr. King's state-law claims to the Superior Court for King County.  The court therefore STRIKES as moot all other pending motions (Dkt. ## 6, 9, 16)[5] and ORDERS that:

//

//

//

//

//

---

[5] The court's striking of these motions (Dkt. ## 6, 9, 16) is without prejudice to the parties refiling the motions in state court as appropriate.

ORDER- 14

1. Pursuant to 28 U.S.C. § 1367(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington,

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order to the Clerk of the Court for the Superior Court for King County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington, and

5. The Clerk of the Court shall CLOSE this case.

Dated this 20th day of April, 2016.

JAMES L. ROBART
United States District Judge